M. Marvin Berger, J.
Defendant is charged with violating section 600 of the Vehicle and Traffic Law in that he left the scene of an accident on November 12, 1970 after causing damage to a parked automobile owned by the complainant, Kenneth Mehler, without notifying the complainant or a police officer.
At arraignment on November 17, 1970 the defendant, represented by counsel, pleaded not guilty, requested a hearing and demanded a jury trial.
After a hearing was held on February 3, 1971, the defendant was ordered to be tried. The Judge conducting the hearing erroneously assumed that the offense was a Class “A” misdemeanor and ordered the defendant tried by jury.
Following a number of adjournments occasioned variously by requests of the People, defendant’s illness and unavailability of a jury part, the case ultimately reached Part IB of this court on August 7, 1971. The Judge there presiding denied defendant’s request for a jury trial and ordered defendant to trial before a one-man Bench in Part IF on that day.
This court reserved decision on defendant’s renewed application for a jury trial and set the case down for September 1, 1971. On September 1, 1971 the court announced that it denied defendant’s jury-trial demand and ordered trial to proceed.
(Following trial in September, 1971, defendant was convicted of the offense.)
Defendant submitted that Baldwin v. New York (399 U. S. 66) requiring jury trials for persons charged with offense punishable by a prison term in excess of six months, entitled him to a jury trial.
Baldwin held (pp. 72-73) that a six-month prison sentence, defined by a majority of the United States Supreme Court as “ this near-uniform judgment of the Nation” furnished the “ only objective criterion * * * between offenses that are and that are not regarded as 1 serious ’ for the purposes of trial by jury.”
Accordingly, we confront the question of the maximum prison term imposable on a person guilty of violating section 600 of the Vehicle and Traffic Law.
Section 600, the so-called “hit and run ” statute, provides in part that any person operating a motor vehicle, knowing that damage has been caused to another’s real or personal property because of the operator’s culpability or because of accident, leaves the scene without stopping and identifying himself to the party sustaining the damage or a police officer, *492 or, if neither of them is present, to the nearest police station or judicial officer, is guilty of a misdemeanor.
Briefly, the defendant argues that section 55.10 (subd. 2, par. [b]) of the Penal Law provides that any misdemeanor defined by a statute other than the Penal Law, which fails to specify it as a Class “A”, Class “ B ” or unclassified misdemeanor, shall be deemed a Class ‘ ‘ A ” misdemeanor. He further asserts that paragraph (c) of subdivision 2, providing that a misdemeanor defined outside the Penal Law for which ‘ ‘ A sentence to a term of imprisonment in excess of fifteen days but not in excess of one year is provided in the law or ordinance defining it, such offense shall be deemed an unclassified misdemeanor”, is not applicable, because section 600 of the Vehicle and Traffic Law contains no specification of the classification or sentence for the offense. Finally, runs his argument, section 60.00 of the Penal Law requires that sentences prescribed by article 60 of that law apply to every offense defined within or outside the Penal Law. Section 60.10 mandates a term of imprisonment for misdemeanor convictions in accordance with article 70 of the Penal Law. Section 70.15 of article 70 fixes a maximum prison term of one year for a 'Class “A” misdemeanor, a maximum prison term of three months for a Class “ B ” misdemeanor and, for an unclassified misdemeanor, a term “ in accordance with the sentence specified in the law or ordinance that defines the crime.”
The argument is specious. True, section 600 of the Vehicle and Traffic Law does not explicitly spell out the penalty for a violation of its terms.
But, section 1801 of the Vehicle and Traffic Law, a catch-all section, requires that “ every person convicted of a misdemeanor for a violation of any of the provisions of this chapter foy which another penalty is not provided” (emphasis supplied) shall be punished by a prison term ranging from 30 days for a first offense to a maximum of 180 days for a third offense occurring within 18 months of the first conviction.
Although the Vehicle and Traffic Law contains specific penalties in some sections defining a crime, i.e., operating an uninsured vehicle for which the maximum prison term is one year, many other sections do not state the penalty.
Chart V of the Sentence Charts contained in Volume 39 of the McKinney's edition of the Penal Law tabulates the classifications and penalties for Vehicle and Traffic Law offenses commonly encountered in the criminal courts. The excellent compilation prepared by Irving Schwartz, formerly a trial *493 attorney for the Legal Aid Society, while not authoritative (in fact erroneous in stating that the license of an operator leaving the scene of an accident is revoked for six months, instead of permanent revocation) lists a violation of section 600 as an unclassified misdemeanor and refers to the penalties provided in section 1801, the omnibus section of the Vehicle and Traffic Law.
Since the maximum prison sentence for violation of section 600 of the Vehicle and Traffic Law is less than six months, the defendant is not entitled to a jury trial.
The defendant further asserts that by demanding a jury trial, he lost his opportunity to demand a speedy trial. To deny him a jury trial at this late date, he states, is to inflict a disadvantage on him, and deprive him of procedural due process. Moreover, he submits that the ruling at the time of hearing, that defendant was entitled to a jury trial, constitutes the law of the case on that matter.
As to the first point — although it is regrettable that the trial was delayed, the criminal court has not yet reached the stage where a jury demand must necessarily be equated with delay — unless, that is, the People or the defendant bring about that result by not being ready for trial.
As to misapprehension of the law by another Judge — this court is not constrained to perpetuate the error. Suffice it to say that both the learned Administrative Judge of this court who ordered the case to be tried without a jury and this court reached the same conclusion — that defendant is not entitled to a jury trial for violation of section 600 of the Vehicle and Traffic Law.
The defendant is ordered to proceed to trial by a one-Judge Bench.